# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BTG, PATENT HOLDINGS, LLC,

    Plaintiff,

v.

BAG2GO, GmbH, *et al*.,

    Defendants.

Case No. 2:15-CV-1736-KJD-CWH

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss (#12). Plaintiff filed a response in opposition (#25) to which Defendants replied (#39).

I. Background

Plaintiff's complaint asserts claims that Defendants infringed Plaintiff's trademarks and have engaged in unfair competition. Defendant Bag2Go, GmbH, is a German corporation with its principal place of business in Hamburg, Germany. It has no operations, subsidiaries, offices, clients, employees, agents or representatives in Nevada. Bag2Go is not registered with Nevada as a foreign corporation licensed to conduct business in Nevada. It has not conducted any advertising or product marketing in the United States. When the complaint was filed, Defendant Bag2Go did not offer its product for sale anywhere. However, it has recently begun manufacturing and selling its electronic luggage tag built into suitcases which allows luggage to be checked in with airlines remotely. The tag

uses a completely different name, the "RIMOWA Electronic Tag", than the corporate name. Additionally, Bag2Go has changed its corporate name to "Rimowa Electronic Tag GmbH". Further, the allegations of the complaint do not specifically allege conduct in Nevada either by Bag2Go or its CEO, Defendant Jan Reh, other than one appearance at a tradeshow in 2015.

II. Analysis

Personal jurisdiction over a defendant is proper when jurisdiction is provided for by law and the exercise of jurisdiction comports with due process. Walden v.Fiore, ––– U.S. ––––, 134 S.Ct. 1115, 1121 (2014). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, ––U.S. ––––, 134 S.Ct. 746, 753 (2014). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with ... the Constitution of the United States." Nev.Rev.Stat. § 14.065.

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co.v. Washington, 326 U.S. 310, 316 (1945). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." World–WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." Walden, 134 S.Ct. at 1121.

In analyzing whether a defendant has sufficient minimum contacts with a forum state, courts distinguish between general jurisdiction and specific jurisdiction. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S.408, 414 n. 8–9 (1984). General jurisdiction is appropriate where a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum. Daimler, 134 S.Ct. at 754. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

Where general jurisdiction is not found, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the cause of action. Specific jurisdiction allows a court to hear claims that arise out of a defendant's activities that are directed at the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or relate to defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Schwarzenegger, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs. Id. If a plaintiff meets this burden, a defendant hoping to defeat jurisdiction must show that the court's exercise of jurisdiction would be unreasonable. Id. Further, the plaintiff cannot be the defendant's only connection to the forum state. Walden, 134 S.Ct. at 1121. "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." Id. at 1122 (quoting Burger King, 471 U.S. at 478).

When a motion to dismiss for lack of personal jurisdiction is based on written materials, "plaintiff need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). Uncontroverted allegations in the complaint are presumed true and factual disputes are resolved in plaintiff's favor. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

Plaintiff concedes that neither general nor "tag" jurisdiction exists. The Ninth Circuit treats purposeful availment and purposeful direction as separate methods of analysis. Wash. Shoe Co. v.

3

A–Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012). Purposeful availment is for suits sounding in contract, whereas purposeful direction is to analyze suits sounding in tort. Schwarzenegger, 374 F.3d at 802 (citing Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir.2002)). Because the instant suit sounds in tort, the court considers purposeful direction, also known as the "effects test." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006).

The effects test requires that the defendant allegedly must have (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state. Wash. Shoe, 704 F.3d at 673. The key question is one of due process: would it be fair, based on defendants' contacts with Nevada, for them to expect to defend themselves in a Nevada court?

**1. Intentional acts**

The Ninth Circuit defines an intentional act in the context of personal jurisdiction as "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." Id. Plaintiff claims that Defendants' infringing act is appearing at the Las Vegas tradeshow to promote its infringing products and bags. However, Plaintiff admits that Defendants removed "anything featuring the BAG2GO trademark" from information at the show. Plaintiff's Response to Defendants' Motion to Dismiss, Docket No. 25, p. 7, l. 26-27. Merely appearing at the tradeshow does not rise to the level of an intentional act.

**2. Expressly aimed at the forum**

The "expressly aimed" prong asks whether the defendant directed an intentional act at the forum. Schwarzenegger, 374 F.3d at 806. Plaintiffs assert that Defendants' commission of a tort (infringement of Plaintiff's intellectual property), with knowledge that Plaintiff resides in Nevada, satisfies the express aiming prong. Defendants assert that "something more" is required and that knowledge of an intellectual property owner's residence or principal place of business is not enough to support an express aim.

1    The Ninth Circuit's existing precedent applying "express aiming" to intellectual property
2 claims is difficult to harmonize. Frequently cited language from Columbia Pictures Television v.
3 Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir.1997) *overruled on other grounds*
4 *by* Feltner v. Columbia Pictures Television, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998),
5 states that knowledge of plaintiff's residency "alone is sufficient" to satisfy express aiming for an
6 intentional tort claim. Id. at 289.

7    However, Ninth Circuit cases subsequently held that infringement of a plaintiff's intellectual
8 property rights, with knowledge that the plaintiff's principal place of business was in the forum and
9 that the harm would be felt there, was insufficient to establish personal jurisdiction. See Love v.
10 Associated Newspapers, Ltd., 611 F.3d 601, 609 (9th Cir. 2010) ( "Where a defendant's 'express aim
11 was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew
12 that the plaintiff lived in the forum state, is insufficient to satisfy the effects test."); Pebble Beach
13 Co. v. Caddy, 453 F.3d 1151, 1156–57 (9th Cir. 2006) (holding that defendant did not expressly aim
14 his passive website at California even though plaintiff alleged defendant intentionally infringed on
15 its trademark with knowledge of its California residence); Schwarzenegger, 374 F.3d at 807 (holding
16 that, even though the defendant may have known that plaintiff lived in California, "express aiming"
17 was not satisfied by the defendant's unauthorized use of plaintiff's image in a newspaper
18 advertisement circulated only in Ohio). This line of cases held that there must be a further showing
19 that the defendant otherwise expressly aimed its activities at the forum. See, e.g., Schwarzenegger,
20 374 F.3d at 807.

21    Further, in Walden v. Fiore, the Supreme Court recently underscored the importance of a
22 defendant's own, direct contacts with the forum state in the specific-jurisdiction analysis. 134 S.Ct.
23 1115, 1126 (2014). The Supreme Court held that a Nevada district court could not exercise specific
24 jurisdiction over a Georgia police officer who, while working as a deputized DEA agent at a Georgia
25 airport, searched a Nevada-bound couple and seized almost $97,000 in cash representing legitimate
26 gambling proceeds. Id. at 1119. The officer then drafted in Georgia what was alleged to be a false

and fraudulent probable cause affidavit to support a potential forfeiture action for the seized funds. Id. at 1124.

The Supreme Court held that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." Id. at 1126. The Court found defendant's actions in Georgia "did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." Id. at 1125. The Court continued, "[s]uch reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that none of [the officer's] challenged conduct had anything to do with Nevada itself." Id.

In sum, Walden clarified that "minimum contacts analysis cannot impermissibly [let] plaintiff's contacts with the defendant and forum ... drive the jurisdictional analysis." Id. at 1125 (internal quotations omitted).

Here, the intentional acts that form the basis of Plaintiff's claim were not directed at Nevada. Defendants named their German corporation "Bag2Go" and then renamed the corporation so no future issues of infringement would arise. Defendants advertised only on social media, generally available everywhere. Defendants did not target Nevada in any meaningful way, nor has Plaintiff adduced any facts demonstrating that they have. As Walden clarified, it is the defendant who must create contacts with the forum state, not the plaintiff or plaintiff's contact with the defendant. 134 S.Ct. at 1125–26.

In order to establish jurisdiction based on a website, a plaintiff must show that a defendant's website or related activities directly targeted the forum through advertising or comparable affirmative conduct. See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002) (finding defendant's targeted marketing to Nevada residents was "something more" than operating a passive website).

///

6

Plaintiffs have failed to identify sufficient intentional acts or express aiming needed to create specific jurisdiction in Nevada. Accordingly, the court dismisses the action for lack of personal jurisdiction.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is **GRANTED**.

DATED this 30th day of September 2016.

_____
Kent J. Dawson
United States District Judge